COURT OF APPEALS OF VIRGINIA

Present:   Judges Humphreys, Kelsey and Senior Judge Bumgardner
Argued at Chesapeake, Virginia


DEMARIO HARPER, A/K/A
  NORRIS HARPER
                                                          OPINION BY
v.        Record No. 0680-06-1                    JUDGE D. ARTHUR KELSEY
                                                          APRIL 10, 2007
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
                            Mark S. Davis, Judge

            Joseph R. Winston, Special Appellate Counsel (Office of
            Appellate Defender, on briefs), for appellant.

            Josephine F. Whalen, Assistant Attorney General (Robert F.
            McDonnell, Attorney General, on brief), for appellee.


        The trial court found Demario Harper guilty of two counts of possession of illegal drugs

with intent to distribute in violation of Code § 18.2-248.  On appeal, Harper challenges the

sufficiency of the evidence to prove he intended to distribute the drugs.  Finding the evidence

sufficient, we affirm.

                                            I.

        Under settled principles, we review the evidence in the "light most favorable" to the

Commonwealth.  Commonwealth v. Hudson, 265 Va. 505, 514, 578 S.E.2d 781, 786 (2003).

That principle requires us to "discard the evidence of the accused in conflict with that of the

Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and

all fair inferences to be drawn therefrom."  Parks v. Commonwealth, 221 Va. 492, 498, 270

S.E.2d 755, 759 (1980) (emphasis and citation omitted).

        So viewed, the evidence at trial established that police officers stopped a vehicle to

investigate a possible traffic offense.  Sitting in the front passenger seat, Harper appeared

noticeably nervous and apprehensive. He fidgeted in his seat, breathed heavily and irregularly, and could not keep his hands still. When asked to get out of the car, Harper refused and then fought the officers as they tried to remove him. During the struggle, the officers found a bag of cocaine and heroin on the passenger seat where Harper had been sitting. Harper somehow freed himself from the officers, obtained control of the vehicle, and sped away. He raced through stoplights at two intersections, eventually eluding the pursuing police. Harper then abandoned the vehicle and continued on foot. He was captured shortly thereafter.

The bag of drugs recovered from the passenger seat contained two plastic bag corners, both containing crack cocaine, with a total weight of 4.162 grams, and one small bag containing eleven heroin capsules, with a total weight of .733 gram. The street value of the drugs exceeded $500. The police searched Harper and found no smoking devices or other drug paraphernalia suggestive of personal use. Nor was anything of this nature found in a later, more thorough, search of the abandoned vehicle.

At trial, the Commonwealth presented a drug enforcement officer who testified as an expert witness on the characteristics of the drug distribution trade. The officer had qualified as an expert in over 500 cases and had interviewed over 1,000 drug users and dealers over the course of his career. He opined that the bag on which Harper had been sitting contained crack cocaine and heroin in amounts inconsistent with personal use. The crack cocaine would take a "heavy user" four to eight days to consume, the expert explained, and that it would be "very, very unusual" for a mere drug user to possess so much at one time. The same could be said about the eleven heroin capsules, the expert added, because it was about a two-day supply for a "heavy user" of heroin. The expert also pointed out the incriminating significance of Harper's simultaneous possession of two disparate drugs in these quantities. In all his years in drug

interdiction, the expert noted, he had "never seen a *user* of both have four grams of cocaine and eleven capsules" of heroin packaged together.

After the trial court denied Harper's motion to strike, Harper took the stand in his own defense. He denied any knowledge of the drugs, stated he had no intent to use them, and insisted he did not use illegal drugs. Harper's brother also testified, similarly claiming he had never known Harper to use drugs.

The trial court found Harper guilty of possession of the cocaine and heroin with intent to distribute, as well as felony obstruction of justice under Code § 18.2-460 and eluding a police officer under Code § 46.2-817. Harper filed a petition for appeal on the drug charges, contesting the sufficiency of the evidence proving he possessed the drugs and arguing that, in any event, he did not intend to distribute them. We granted his petition only on the intent-to-distribute issue, finding the evidence amply supported the possession element of the crimes. We now hold that the evidence similarly suffices to demonstrate Harper possessed the drugs with the intent to distribute.

## II.

In Virginia, the factfinding of a lower court receives "the highest degree of appellate deference." Thomas v. Commonwealth, 48 Va. App. 605, 608, 633 S.E.2d 229, 231 (2006). "As an appellate court, we are not permitted to reweigh the evidence." Nusbaum v. Berlin, 273 Va. 385, 408, 641 S.E.2d 494, ___ (2007). Presuming factual findings to be correct, we reverse "only if the trial court's decision is 'plainly wrong or without evidence to support it.'" Kelly v. Commonwealth, 41 Va. App. 250, 257, 584 S.E.2d 444, 447 (2003) (*en banc*) (citations omitted). Under this standard, we determine whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Haskins v. Commonwealth, 44 Va. App. 1, 7, 602 S.E.2d 402, 405 (2004) (citation and footnote omitted; emphasis in original).

To be found guilty under Code § 18.2-248(A), a defendant must possess "the controlled substance contemporaneously with his intention to distribute that substance." Craddock v. Commonwealth, 40 Va. App. 539, 553, 580 S.E.2d 454, 461 (2003) (citation omitted). Like any other *mens rea* issue, intent to distribute can be (and usually must be) inferred from the surrounding circumstances. See Cost v. Commonwealth, 49 Va. App. 215, 228, 638 S.E.2d 714, 720 (2006). It is "often impossible" to do otherwise given the common absence of direct evidence of intent to distribute. Id. (citations omitted). The surrounding circumstances, however, must not be "viewed in isolation." Emerson v. Commonwealth, 43 Va. App. 263, 277, 597 S.E.2d 242, 249 (2004) (citation omitted). "While no single piece of evidence may be sufficient, the 'combined force of many concurrent and related circumstances, each insufficient in itself, may lead a reasonable mind irresistibly to a conclusion.'" Id. (citation omitted).

In this case, the expert's testimony persuasively surveyed the inculpatory circumstances demonstrating an intent to distribute: the amount and value of the drugs,[1] the absence of any drug use paraphernalia,[2] as well as the unique, simultaneous possession of a combination of two disparate drugs.[3] Harper compounded the incriminating nature of these circumstances by

_____

[1] See, e.g., Hunter v. Commonwealth, 213 Va. 569, 570, 193 S.E.2d 779, 780 (1973) (confirming that "quantity, when greater than the supply ordinarily possessed by a narcotics user for his personal use, is a circumstance which, standing alone, may be sufficient to support a finding of intent to distribute"); Askew v. Commonwealth, 40 Va. App. 104, 107-08, 578 S.E.2d 58, 60 (2003) (noting expert's testimony he had never "seen a user of crack cocaine who 'stockpiled' [even] three grams for personal use"); Craddock, 40 Va. App. at 554, 580 S.E.2d at 462 (finding 12 rocks of crack cocaine weighing a total of 2.556 grams was "considerably more than one would expect to find on a mere user"); see also Welshman v. Commonwealth, 28 Va. App. 20, 37, 502 S.E.2d 122, 130 (1998) (*en banc*).

[2] See Cost, 49 Va. App. at 229, 638 S.E.2d at 720; see also Welshman, 28 Va. App. at 37, 502 S.E.2d at 130 (noting the absence of drug "paraphernalia suggestive of personal use" is "regularly recognized" as evidence of intent to distribute).

[3] See, e.g., Spriggs v. United States, 618 A.2d 701, 704-05 (D.C. 1992) (approving expert's reliance on the "variety" of drugs, specifically the simultaneous possession of "both

- 4 -

testifying that he did *not* use drugs — an assertion corroborated by his brother. By itself, this assertion undermines Harper's argument that personal use is the only reasonable hypothesis of possession. See Langston v. Commonwealth, 28 Va. App. 276, 286, 504 S.E.2d 380, 385 (1998) (noting "defendant told police and the trial court he did not use drugs").[4]

Harper objects to this reasoning, pointing out that the trial court never specifically stated that it accepted his testimony disclaiming any intent to use the drugs. Having rejected his testimony that he knew nothing about the drugs, Harper argues, the trial court should be presumed to have rejected everything else he said on the witness stand.

We think the presumption goes the other way. An appellate court has a "duty to discard" contested evidence presented by the accused and to "regard as true" all credible evidence favorable to the prosecution. Wright v. Commonwealth, 196 Va. 132, 137, 82 S.E.2d 603, 606 (1954); see also Parks, 221 Va. at 498, 270 S.E.2d at 759. It necessarily follows that, when "faced with a record of historical facts that supports conflicting inferences," a court reviewing the sufficiency of the evidence "must presume — even if it does not affirmatively appear in the record — that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." Jackson v. Virginia, 443 U.S. 307, 326 (1979); see also Wright v. West, 505 U.S. 277, 296-97 (1992) (plurality opinion).

---

heroin and cocaine"); People v. Green, 628 N.E.2d 586, 589-90 (Ill. App. Ct. 1993) (recognizing "possession of a combination of drugs" as a factor supporting the intent-to-distribute inference).

[4] Even the absence of positive testimony on this subject by the defendant who takes the witness stand provides a legitimate basis for inferring intent to distribute. See Askew, 40 Va. App. at 111, 578 S.E.2d at 62 (noting that defendant, upon testifying at trial, "never admitted using" drugs or possessing them "for personal use"); Shackleford v. Commonwealth, 32 Va. App. 307, 327, 528 S.E.2d 123, 133 (2000) (taking into account that defendant "never claimed that he used drugs"), aff'd, 262 Va. 196, 547 S.E.2d 899 (2001).

This presumption does not fail merely because the factfinder chooses to believe some, but not all, of a witness's testimony. The power to segregate a witness's testimony into the believable, partly believable, or wholly unbelievable is an exercise of decisional discretion intrinsic to the factfinding task and essential to its proper performance. See Breeden v. Commonwealth, 43 Va. App. 169, 180, 596 S.E.2d 563, 568 (2004); Seaton v. Commonwealth, 42 Va. App. 739, 751, 595 S.E.2d 9, 15 (2004). Given the record in this case, we presume the factfinder performed just this exercise in response to Harper's partly exonerating, partly incriminating testimony.

III.

Finding the evidence sufficient to demonstrate his guilt, we affirm Harper's convictions for possessing cocaine and heroin with intent to distribute in violation of Code § 18.2-248.

Affirmed.