COURT OF APPEALS OF VIRGINIA

Present:   Judges Kelsey, Petty and Senior Judge Willis
Argued at Chesapeake, Virginia

ANTHONY BOONE, S/K/A
  ANTHONY BREYEON BOONE
                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 1537-07-1                    JUDGE D. ARTHUR KELSEY
                                                      SEPTEMBER 23, 2008
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
                            Dean W. Sword, Jr., Judge

            Dianne G. Ringer (Bierowicz & Ringer, P.C., on brief), for
            appellant.

            Jennifer C. Williamson, Assistant Attorney General (Robert F.
            McDonnell, Attorney General; Donald E. Jeffrey, III, Assistant
            Attorney General, on brief), for appellee.


        The trial court found Anthony Boone guilty of possession of marijuana with intent to

distribute in violation of Code § 18.2-248.  On appeal, Boone challenges the sufficiency of the

evidence offered to prove he intended to distribute the marijuana.  Finding the evidence

sufficient, we affirm.

                                              I.

        On appeal, we review the evidence in the "light most favorable" to the Commonwealth.

Commonwealth v. Hudson, 265 Va. 505, 514, 578 S.E.2d 781, 786 (2003).  This principle

requires us to "discard the evidence of the accused in conflict with that of the Commonwealth,

and regard as true all the credible evidence favorable to the Commonwealth and all fair

inferences to be drawn therefrom."  Parks v. Commonwealth, 221 Va. 492, 498, 270 S.E.2d 755,

759 (1980) (emphasis and citation omitted).

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

The evidence at trial showed that Boone actually or constructively possessed the following items:

- two plastic baggies containing "bulk marijuana" weighing 20.6 grams,[1]

- six clear, empty baggies that were "cut off" for distribution purposes,

- two cell phones, and

- one package of cigars.

Boone did not possess any rolling papers or smoking pipes. Upon his arrest, Boone denied the marijuana belonged to him but admitted he had a "bad habit" of smoking marijuana.

At trial, a police detective qualified as an expert on marijuana distribution and explained the significance of each item of evidence from the viewpoint of a trained narcotics officer. The two baggies of "bulk marijuana," he testified, were not sufficient by themselves to demonstrate an intent to distribute. But the six clear, empty baggies altered the equation substantially. These baggies were "cut up" for distribution purposes. And, in his experience, six such baggies was a "large amount," the detective said.

The detective also noted the absence of any user paraphernalia like rolling papers or smoking pipes. As for the package of cigars, the detective observed that dealers sometimes sell "what they call a package on the street" which includes a cigar and a "dime bag of marijuana." They "sell them as a package" and price them "depending on the grade" of the marijuana. In addition, the detective found it significant that Boone possessed two, rather than one, cell phones. In his experience, one is typically reserved for personal use while the other is dedicated solely to commercial use.

---

[1] Police also found seven plastic baggies containing "suspected" marijuana residue. The Department of Forensic Science did not test the residue. Boone, however, did not object at trial to the police officer's testimony that the baggies contained what he suspected to be marijuana residue. On appeal, Boone accepts that the evidence suggests the baggies "had suspected marijuana residue on them." Appellant's Br. at 3.

The trial court acknowledged the case was a "close one" but, finding the detective's expert testimony persuasive, concluded the totality of the circumstances demonstrated Boone intended to distribute the marijuana. On appeal, Boone claims the evidence as a matter of law failed to prove an intent to distribute.

## II.

### SUFFICIENCY OF THE EVIDENCE — INTENT TO DISTRIBUTE MARIJUANA

"Sufficiency-of-the-evidence review involves assessment by the courts of whether the evidence adduced at trial could support any rational determination of guilt beyond a reasonable doubt." United States v. Powell, 469 U.S. 57, 67 (1984). It follows that a reviewing court does not "ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 318-19 (1979) (emphasis in original and citation omitted).

Instead, we ask only "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Maxwell v. Commonwealth, 275 Va. 437, 442, 657 S.E.2d 499, 502 (2008) (quoting Jackson, 443 U.S. at 319) (emphasis in original). These principles recognize that an appellate court is "not permitted to reweigh the evidence," Nusbaum v. Berlin, 273 Va. 385, 408, 641 S.E.2d 494, 507 (2007), because appellate courts have no authority "to preside *de novo* over a second trial." Haskins v. Commonwealth, 44 Va. App. 1, 11, 602 S.E.2d 402, 407 (2004). [2]

---

[2] This deferential standard of review "applies not only to the historical facts themselves, but the inferences from those facts as well." Crowder v. Commonwealth, 41 Va. App. 658, 663 n.2, 588 S.E.2d 384, 387 n.2 (2003). Thus, a factfinder may "draw reasonable inferences from basic facts to ultimate facts," Haskins, 44 Va. App. at 10, 602 S.E.2d at 406 (citations omitted), unless doing so would push "into the realm of *non sequitur*," Thomas v. Commonwealth, 48 Va. App. 605, 608, 633 S.E.2d 229, 231 (2006) (citation omitted).

To be found guilty under Code § 18.2-248, a defendant must possess "the controlled substance contemporaneously with his intention to distribute that substance." Craddock v. Commonwealth, 40 Va. App. 539, 553, 580 S.E.2d 454, 461 (2003) (citation omitted). Like any other *mens rea* issue, intent to distribute can be (and usually must be) inferred from the surrounding circumstances. Harper v. Commonwealth, 49 Va. App. 517, 521, 642 S.E.2d 779, 781 (2007) (citation omitted). "It is 'often impossible' to do otherwise given the common absence of direct evidence of intent to distribute." Id. (citations omitted). The surrounding circumstances, moreover, must not be "viewed in isolation." Emerson v. Commonwealth, 43 Va. App. 263, 277, 597 S.E.2d 242, 249 (2004) (citation omitted). "While no single piece of evidence may be sufficient, the 'combined force of many concurrent and related circumstances, each insufficient in itself, may lead a reasonable mind irresistibly to a conclusion.'" Harper, 49 Va. App. at 522, 642 S.E.2d at 781 (citation omitted).

In this case, a rational factfinder could find the detective's expert testimony persuasive and conclude Boone possessed the marijuana with the intent to distribute.[3] The six clear, empty baggies were "cut up" for distribution purposes. The detective could not hypothesize a reason for a mere user to possess them. Underlying the detective's opinion is the observation that users buy marijuana *already* in baggies. They do not buy it unpackaged and then separately purchase or create tiny little baggies to organize their stash. Boone's possession of empty distribution baggies demonstrated an intent to distribute the marijuana he currently possessed. See, e.g., Bolden v. Commonwealth, 49 Va. App. 285, 293-94, 640 S.E.2d 526, 530 (2007) (noting

---

[3] A factfinder may rely on expert testimony, "usually that of a police officer," to discern the incriminating import of seemingly innocuous circumstances that nonetheless have incriminating relevance in the drug trade. Williams v. Commonwealth, 52 Va. App. 194, 202, 662 S.E.2d 627, 631 (2008) (quoting Askew v. Commonwealth, 40 Va. App. 104, 110, 578 S.E.2d 58, 61 (2003) (citation omitted)). The "credibility of the expert witness and the weight to be accorded the evidence," moreover, are matters solely "within the province" of the factfinder. Lemond v. Commonwealth, 19 Va. App. 687, 694, 454 S.E.2d 31, 35 (1995) (quoting Horsley v. Commonwealth, 2 Va. App. 335, 339, 343 S.E.2d 389, 391 (1986)).

presence of "empty plastic bags" used "to package drugs for distribution"), aff'd, 275 Va. 144, 654 S.E.2d 584 (2008); Thomas v. Commonwealth, 44 Va. App. 741, 755, 607 S.E.2d 738, 744, adopted upon reh'g en banc, 45 Va. App. 811, 613 S.E.2d 870 (2005) (noting expert opinion that empty "plastic baggies" are "commonly used in the drug trade for distribution purposes"); accord United States v. Nelson, 6 F.3d 1049, 1051 (4th Cir. 1993) (observing that "corners cut from sandwich bags . . . are commonly used to package drugs for sale").

Added to this incriminating circumstance is the absence of any rolling papers or smoking pipes typically found on a marijuana user. Perhaps the package of cigars could be considered an item indicating personal use. But the detective testified that, in his expert opinion, the package of cigars could just as well be inventory for a "dime" marijuana "package," which in street jargon meant a small amount of marijuana accompanied by a single cigar. Finally, the trial court was also entitled to accept the detective's observation that the possession of two cell phones implied that one was for personal use while the other served Boone's commercial interests.

### III.

No one circumstance, standing alone, proved Boone's intent to distribute. But, taken together, the clustering circumstances provided a rational basis for the trial court's finding that Boone possessed the marijuana with the intent to distribute.[4] We thus affirm.

Affirmed.

---

[4] At oral argument, Boone pointed out that the trial court did not specifically address the probative weight of each item of evidence or expressly adopt the opinion of the expert witness. On appeal, however, "when 'faced with a record of historical facts that supports conflicting inferences,' a court reviewing the sufficiency of the evidence 'must presume — even if it does not affirmatively appear in the record — that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution.'" Harper, 49 Va. App. at 523, 642 S.E.2d at 782 (quoting Jackson, 443 U.S. at 326); see also Coleman v. Commonwealth, 52 Va. App. 19, 22 n.1, 660 S.E.2d 687, 689 n.1 (2008).