COURT OF APPEALS OF VIRGINIA


Present:   Judges Humphreys, Kelsey and Senior Judge Willis
Argued at Chesapeake, Virginia


RAHEEM JAMAL BARNES

                                                        MEMORANDUM OPINION[*] BY
v.        Record No. 0908-08-1                          JUDGE D. ARTHUR KELSEY
                                                        FEBRUARY 10, 2009
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
                          Charles D. Griffith, Jr., Judge


            Thomas A. Connor (Connor & Price, P.C., on brief), for
            appellant.

            Erin M. Kulpa, Assistant Attorney General (Robert F. McDonnell,
            Attorney General, on brief), for appellee.


        The trial court found Raheem Jamal Barnes guilty of possession of cocaine with intent to

distribute in violation of Code § 18.2-248 and possession of cocaine with intent to distribute near

school property in violation of Code § 18.2-255.2.  On appeal, Barnes argues the evidence failed

to prove his guilt as a matter of law.  We disagree and affirm.


                                            I.

        On appeal, we review the evidence in the "light most favorable" to the Commonwealth.

Commonwealth v. Hudson, 265 Va. 505, 514, 578 S.E.2d 781, 786 (2003).  This principle

requires us to "discard the evidence of the accused in conflict with that of the Commonwealth,

and regard as true all the credible evidence favorable to the Commonwealth and all fair

inferences to be drawn therefrom."  Parks v. Commonwealth, 221 Va. 492, 498, 270 S.E.2d 755,

759 (1980) (emphasis and citation omitted).

---

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

So viewed, the evidence at trial showed that a police officer arrested Barnes on an outstanding warrant approximately 100 yards from an elementary school. The officer searched Barnes and found eleven small, plastic baggies containing suspected crack cocaine. No smoking devices or other user paraphernalia were discovered. Later analysis verified the substance was in fact crack cocaine rocks, weighing in aggregate about .45 gram and having a street value of $100 to $110. After his arrest, Barnes told police he was unemployed.

At trial, a police investigator with expertise in narcotics trafficking testified that Barnes possessed the crack cocaine in a manner inconsistent with personal use. While the amount itself was not dispositive, the expert said, the eleven individual baggies suggest they were packaged for resale. Barnes was unemployed, the expert added, and was arrested at a known drug distribution point — an area where "numerous" undercover drug purchases had been made over the past ten years.

In his testimony, Barnes admitted he possessed the crack cocaine but claimed he did not intend to sell it. He smoked crack in cigar "blunts" rolled up with marijuana, Barnes explained, but conceded he had no "blunts" or marijuana in his possession at the time of his arrest. Barnes said he purchased twelve baggies of crack cocaine for $80 and smoked the crack from one of the baggies prior to his arrest. Barnes could not identify the name of the seller, however. Barnes also stated he had been convicted of "four, maybe five" felonies while a juvenile.

Sitting as factfinder, the trial court found the Commonwealth's expert witness "credible" and rejected Barnes's testimony as "very evasive." Reviewing the incriminating circumstances in considerable detail, the court convicted Barnes of possession of cocaine with intent to distribute, Code § 18.2-248, and possession of cocaine with intent to distribute near school property, Code § 18.2-255.2. Barnes now appeals, challenging only the sufficiency of the evidence offered in support of the intent-to-distribute element of his convictions.

II.

On appeal, a reviewing court does not "ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 318-19 (1979) (emphasis in original, citation omitted). Instead, we ask only "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Maxwell v. Commonwealth, 275 Va. 437, 442, 657 S.E.2d 499, 502 (2008) (quoting Jackson, 443 U.S. at 319) (emphasis in original). These principles recognize that an appellate court is "not permitted to reweigh the evidence," Nusbaum v. Berlin, 273 Va. 385, 408, 641 S.E.2d 494, 507 (2007), because appellate courts have no authority "to preside *de novo* over a second trial," Haskins v. Commonwealth, 44 Va. App. 1, 11, 602 S.E.2d 402, 407 (2004).[1]

To be found guilty under Code §§ 18.2-248 and 18.2-255.2, a defendant must possess "the controlled substance contemporaneously with his intention to distribute that substance." Craddock v. Commonwealth, 40 Va. App. 539, 553, 580 S.E.2d 454, 461 (2003) (citation omitted). Like any other *mens rea* issue, intent to distribute can be (and usually must be) inferred from the surrounding circumstances. Harper v. Commonwealth, 49 Va. App. 517, 521, 642 S.E.2d 779, 781 (2007) (citation omitted). "It is 'often impossible' to do otherwise given the common absence of direct evidence of intent to distribute." Id. (citations omitted). The surrounding circumstances, moreover, must not be "viewed in isolation." Emerson v. Commonwealth, 43 Va. App. 263, 277, 597 S.E.2d 242, 249 (2004) (citation omitted). "While no single piece of evidence may be sufficient, the 'combined force of many concurrent and

---

[1] This deferential standard of review "applies not only to the historical facts themselves, but the inferences from those facts as well." Crowder v. Commonwealth, 41 Va. App. 658, 663 n.2, 588 S.E.2d 384, 387 n.2 (2003). Thus, a factfinder may "draw reasonable inferences from basic facts to ultimate facts," Haskins, 44 Va. App. at 10, 602 S.E.2d at 406 (citations omitted), unless doing so would push "into the realm of *non sequitur*," Thomas v. Commonwealth, 48 Va. App. 605, 608, 633 S.E.2d 229, 231 (2006) (citation omitted).

related circumstances, each insufficient in itself, may lead a reasonable mind irresistibly to a conclusion.'" Harper, 49 Va. App. at 522, 642 S.E.2d at 781 (citation omitted).

In this case, a rational factfinder could conclude Barnes possessed the crack cocaine with intent to distribute. Though Barnes claimed he intended to only smoke the drugs, he had no user paraphernalia — essential equipment for the consumption of crack cocaine. Barnes said he smoked crack in marijuana cigar "blunts" but had no marijuana or blunts in his possession. Nor did he have a lighter, a match, or any other igniter for burning the crack. As the trial court correctly observed, the "absence of any drug use paraphernalia" militates against the inference that the possessor kept the drugs solely for personal use. Id.

In addition, Barnes claimed he bought the crack cocaine from an individual but tellingly could not recall the dealer's name. Barnes testified he purchased twelve baggies of crack cocaine for $80, but expert testimony placed the street value of the remaining eleven baggies at $100 to $110. Barnes was unemployed but expected the trial court to believe he had enough discretionary income (from non-distribution sources) to purchase eleven baggies of crack cocaine solely for personal use. Compounding these incriminating circumstances, Barnes was found in possession of the multiple baggies of crack cocaine at a location notorious for street-level drug distribution.

Having been convicted of several prior felonies, Barnes can hardly insist that his exculpatory testimony had to be accepted by the factfinder. See Code § 19.2-269. To be sure, the trial court was at liberty to discount Barnes's self-serving statements as little more than lying to "conceal his guilt," Haskins, 44 Va. App. at 10, 602 S.E.2d at 406, and could treat such prevarications as "affirmative evidence of guilt," Wright v. West, 505 U.S. 277, 296 (1992). This principle follows from the broader observation that "whenever a witness testifies, his or her

credibility becomes an issue." Hughes v. Commonwealth, 39 Va. App. 448, 462, 573 S.E.2d 324, 330 (2002) (citation omitted).

III.

The evidence supports the trial court's finding that Barnes possessed cocaine with intent to distribute in violation of Code § 18.2-248 and possessed cocaine with intent to distribute near school property in violation of Code § 18.2-255.2. We thus affirm his convictions.

Affirmed.