COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Chief Judge Huff, Judges Decker and AtLee
Argued at Chesapeake, Virginia


DAVID CHAD SPITLER

MEMORANDUM OPINION[*] BY
v.      Record No. 0685-14-1      JUDGE MARLA GRAFF DECKER
DECEMBER 15, 2015

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
Johnny E. Morrison, Judge

Stephen B. Plott (Law Office of Stephen B. Plott, PLC, on brief), for
appellant.

Robert H. Anderson, III, Senior Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.


David Chad Spitler appeals his conviction for assault and battery of a family member, in

violation of Code § 18.2-57.2.[1] He alleges that the evidence was insufficient to support his

conviction because the victim "could only speculate that [he] caused" her injuries. The appellant

suggests that the Commonwealth failed to exclude the reasonable hypothesis that the victim's

injuries were caused "by a misadventure during her inebriated wanderings in a darkened home."

The Court holds that the evidence was sufficient to support the conviction. Consequently, we affirm

the judgment of the trial court.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] The appellant was also convicted of assaulting a law enforcement officer, in violation of
Code § 18.2-57(C); however, that conviction is not before the Court.

# I.  BACKGROUND

On September 1, 2013, the appellant and his wife, Linda Spitler (Spitler), lived together in the City of Portsmouth.  On that evening, their four children were asleep upstairs.  No one else was in the house.  Spitler and the appellant had been on the first floor of the house "drinking."  They had consumed roughly the same amount of alcohol, and Spitler was "moderate[ly]" intoxicated.  The couple had not been fighting or arguing.

At some point that evening, Spitler went into the first-floor bathroom.  She was not certain where her husband was at the time but believed he was in the living room, right around the corner from the bathroom.  When she left the bathroom, "out of nowhere," Spitler fell backward.  She felt "a substantial amount of pain" in her right eye and on the right side of her face.  Spitler initially testified that she was "stunned" and unsure "what made contact with [her] eye" because everything happened so quickly.  However, she stated that the appellant was present "almost instantaneously, within a couple [of] seconds" of when she fell backward.  The appellant immediately tried to help her get up, but she refused his assistance.  According to Spitler, there were no objects hanging from the ceiling and nothing that she could have run into when she came out of the bathroom.  When questioned by the trial court about how she was injured, Spitler stated, "I can suspect, and I have –I know where it came from."  The judge then pointedly asked her what caused her injury, and Spitler responded, "It came from my husband."

The injury left Spitler with a "severe black eye" that lasted for several weeks.  She identified three photographs as depicting her eye within a certain number of "hours of being hit."

Officer R. Fields of the City of Portsmouth Police Department was dispatched to a "domestic situation" at the Spitler residence that evening.  He spoke with the appellant and Spitler, saw the injury to Spitler's face, and arrested the appellant.

The appellant testified in his own behalf. He said that his wife went upstairs to go to bed. He said that he was in the kitchen and heard her fall down the stairs. He further testified that he found Spitler lying face down on the landing located between two flights of stairs, with her body angled down the stairs and her feet toward the top. His wife was responsive when he arrived at her side and said she wanted to "lay there." According to the appellant, although the lights were off, she did not appear injured, so he returned to the kitchen. He denied striking Spitler.

The appellant moved to strike the evidence after the Commonwealth rested its case and again upon the completion of the case. The trial court denied both motions and found the evidence sufficient to support the conviction.

## II. ANALYSIS

The appellant contends that the trial court erred by finding the evidence sufficient to convict him of assault and battery of a family member. He argues that his wife's conclusion that her injury was the result of a blow that he delivered was mere speculation. He suggests that other reasonable explanations account for the injury and are more plausible than her version of what happened.

We review a challenge to the sufficiency of the evidence under well-settled legal principles. On appeal, we consider the evidence "in the light most favorable to the Commonwealth, granting to it all reasonable inferences" that flow from that evidence. Archer v. Commonwealth, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (quoting Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987)). Examining "the record through this evidentiary prism requires [the Court] to 'discard the evidence of the accused in conflict with that of the Commonwealth.'" Cooper v. Commonwealth, 54 Va. App. 558, 562, 680 S.E.2d 361, 363 (2009) (quoting Parks v. Commonwealth, 221 Va. 492, 498, 270 S.E.2d 755, 759 (1980)).

In the context of an appeal, great deference is given to the trier of fact, in this case the trial court. Determining the credibility of the witnesses and the weight afforded their testimony are

matters left to the fact finder, who has the ability to hear and see them as they testify. E.g., Commonwealth v. Taylor, 256 Va. 514, 518, 506 S.E.2d 312, 314 (1998); Swanson v. Commonwealth, 8 Va. App. 376, 378-79, 382 S.E.2d 258, 259 (1989). Additionally, the fact finder is responsible for determining "what inferences are to be drawn from proved facts," provided that the inferences reasonably flow from those facts. Commonwealth v. Hudson, 265 Va. 505, 514, 578 S.E.2d 781, 786 (2003) (quoting Inge v. Commonwealth, 217 Va. 360, 366, 228 S.E.2d 563, 567-68 (1976)). "[W]hen 'faced with a record of historical facts that supports conflicting inferences,' . . . [the appellate court] 'must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution.'" Harper v. Commonwealth, 49 Va. App. 517, 523, 642 S.E.2d 779, 782 (2007) (quoting Jackson v. Virginia, 443 U.S. 307, 326 (1979)). "If the evidence is sufficient to support the conviction," the reviewing court will not "substitute its own judgment for that of the trier of fact, even if its opinion might differ from the conclusions reached by the [fact finder]." Jordan v. Commonwealth, 286 Va. 153, 156-57, 747 S.E.2d 799, 800 (2013).

Finally, the evidence supporting a conviction "must exclude every reasonable hypothesis of innocence." Moore v. Commonwealth, 254 Va. 184, 186, 491 S.E.2d 739, 740 (1997) (quoting Powers v. Commonwealth, 211 Va. 386, 388, 177 S.E.2d 628, 629 (1970)). Under longstanding appellate principles, whether an "alternative hypothesis of innocence is reasonable is a question of fact" that will be reversed on appeal only if plainly wrong. Stevens v. Commonwealth, 38 Va. App. 528, 535, 567 S.E.2d 537, 540 (2002) (quoting Archer, 26 Va. App. at 12, 492 S.E.2d at 832). "Merely because [a] defendant's theory of the case differs from that taken by the Commonwealth does not mean that every reasonable hypothesis consistent with his innocence has not been excluded. What weight should be given evidence [remains] a matter for the [fact finder] to decide." Miles v. Commonwealth, 205 Va. 462, 467, 138 S.E.2d 22, 27 (1964); see Marable v.

- 4 -

Commonwealth, 27 Va. App. 505, 510, 500 S.E.2d 233, 235 (1998). The appellate court asks only whether a reasonable finder of fact could have rejected the defense theories and found the defendant guilty beyond a reasonable doubt. See Hudson, 265 Va. at 513, 578 S.E.2d at 785.

Here, the trial court, with all of the evidence before it, including the appellant's version of events, accepted the victim's belief that the injury to her eye and face was caused by the appellant. The court's decision is supported by the record.

Spitler, who had been drinking with the appellant that evening, went into the downstairs bathroom. When she left the bathroom, she recalled falling backward and landing on the floor. She also recalled that when she fell backward, she felt pain in her right eye and that area of her face. Spitler testified that there were no objects hanging from the ceiling and nothing with which she could have collided. The appellant was the only one with her downstairs in the residence.

According to Spitler, when she went into the bathroom, she believed that the appellant was in the adjacent room. She was understandably stunned by the incident, which included falling after receiving a significant blow to her eye. Immediately after the injury, Spitler was a bit disoriented, but she remembered that the appellant was there "almost instantaneously" to offer to help her get up off the floor, assistance she refused. Although reluctant to identify her assailant, she said, "I know where [the injury] came from." When asked specifically about the cause of the injury, Spitler stated that she knew that the black eye "came from [her] husband." She also described the injury as resulting from "being hit." The trial court, in making its credibility finding, could logically take into account the reluctance of a victim of domestic violence to identify her attacker. See, e.g., United States v. Brooks, 367 F.3d 1128, 1137 (9th Cir. 2004) ("[A] victim of domestic violence may deny an assault, especially when an abuser is present."); see also Fletcher v. Town of Clinton, 196 F.3d 41, 52 (1st Cir. 1999) ("In domestic violence situations, officers may reasonably consider whether the victim is acting out of fear or intimidation, or out of some desire

to protect the abuser, both common syndromes."). Based on the record, it is reasonable to conclude that the traumatic nature of the event and the fact that her husband, the appellant, was her assailant explain the tenor of her testimony at trial.

The ultimate conclusion that the appellant struck the victim is supported by her testimony that the blow "came from [her] husband." The appellant, however, contends that this conclusion was mere speculation and that other reasonable explanations account for the injury. The appellant made this argument in the trial court where the judge, as the trier of fact, considered and rejected it. The trial court's conclusion, which necessarily adopted the victim's account rather than that of the appellant, is based on factual findings and reasonable inferences wholly supported by the evidence. See Harper, 49 Va. App. at 523, 642 S.E.2d at 782. A reasonable fact finder could certainly have rejected the appellant's theory of the case and found him guilty beyond a reasonable doubt based on the Commonwealth's credible evidence. See Blevins v. Commonwealth, 63 Va. App. 628, 634-36, 762 S.E.2d 396, 398-400 (2014); Goodwin v. Commonwealth, 23 Va. App. 475, 483-84, 477 S.E.2d 781, 785 (1996).

Spitler testified that when she left the bathroom, she immediately fell *backward* and experienced severe pain in her right eye. Her description of the location, which was clear of obstructions, and the fact that she was alone with the appellant, who was immediately by her side after the blow, support her conclusion that he was the criminal actor. The photographs of the injury, which was localized and indicative of a blow to the eye, also support the victim's testimony that she had "be[en] hit" and that the appellant caused the injury.

The victim's inability to testify explicitly that she *saw* the appellant hit her immediately after she left the bathroom is easily explained by the evidence. She had been drinking and was moderately intoxicated. The couple had not been arguing or fighting so she had no reason to

anticipate that the appellant would hit her.[2]  Spitler had just exited the bathroom when she was struck.  She explained that she was stunned by the attack.  As soon as she understood that she was lying on the floor, the appellant was by her side.  It is entirely reasonable from these facts that Spitler did not see the blow coming and realized who hit her only after the impact.

The appellant's version of the facts suggests a very different and less plausible sequence of events.  See, e.g., Tizon v. Commonwealth, 60 Va. App. 1, 12-13, 723 S.E.2d 260, 265 (2012) ("[E]ven if not '*inherently* incredible[,]' a defendant's exculpatory version of events need not be accepted by the factfinder." (quoting Montgomery v. Commonwealth, 221 Va. 188, 190, 269 S.E.2d 352, 353 (1980))).  He testified that while he was in the kitchen, the victim went upstairs to bed.  According to the appellant, Spitler fell down the stairs in the dark, landing face down.  He suggests that when he attempted to help her up, she just wanted to lie there, so he left her where she had fallen.  He also testified that he did not see any injuries, yet he did not turn on any lights in order to assess his wife's condition.

The competing evidence was before the trial court, which had the opportunity to listen to the testimony, observe the witnesses, see the photographs of the injury, consider the arguments of counsel, and determine what happened.  See Lockhart v. Commonwealth, 34 Va. App. 329, 343, 542 S.E.2d 1, 7 (2001).  In light of the circumstances, including the physical evidence that showed that Spitler suffered a single localized injury which included trauma to her eye, the trial court could have properly rejected the appellant's claim that Spitler fell down the stairs.  See Ervin v. Commonwealth, 57 Va. App. 495, 519-21, 704 S.E.2d 135, 147-48 (2011) (holding that a fact finder may properly reject a defendant's hypothesis of innocence even if it is supported by

----

[2] "Domestic disturbances have a low flash point, and 'violence may be lurking and explode with little warning.'"  McCracken v. Commonwealth, 39 Va. App. 254, 261, 572 S.E.2d 493, 496 (2002) (*en banc*) (quoting Fletcher, 196 F.3d at 50).

some evidence); see also Phan v. Commonwealth, 258 Va. 506, 511, 521 S.E.2d 282, 284 (1999) (noting that the fact finder may reject an accused's explanation and infer that he is "lying to conceal his guilt").

The testimony of Spitler and Officer Fields along with the photographs of the injury provided sufficient evidence for a finding that the appellant committed assault and battery on his wife. Consequently, the trial court's decision is not plainly wrong or without evidence to support it.

### III. CONCLUSION

We hold that the evidence was sufficient to prove assault and battery of a family member. Consequently, we affirm the appellant's conviction.

Affirmed.