COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Decker, Judges Malveaux and Raphael

DAVID JONATHAN HERDER

MEMORANDUM OPINION*

v.  Record No. 1256-23-1

PER CURIAM
DECEMBER 30, 2024

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
Robert B. Rigney, Judge

(J. Barry McCracken, Assistant Public Defender, on brief), for appellant.

(Jason S. Miyares, Attorney General; Lauren C. Campbell, Assistant Attorney General, on brief), for appellee.

David Jonathan Herder appeals his prison sentence on two counts of possession of child pornography (subsequent offense), arguing that the trial court should have granted him a deferred disposition and imposed probation under Code § 19.2-303.6. The statute permits such a disposition "if the defendant has been diagnosed . . . with (i) an autism spectrum disorder . . . and the court finds by clear and convincing evidence that the criminal conduct was caused by or had a direct and substantial relationship to the person's disorder or disability." Code § 19.2-303.6(A). But the record amply supports the trial court's finding that Herder failed to show that his crimes stemmed from his autism spectrum disorder. We therefore dispense with oral argument and affirm the judgment.[1]

---

* This opinion is not designated for publication. *See* Code § 17.1-413(A).

[1] We dispense with oral argument both because the appeal is "wholly without merit" and because "the dispositive issue . . . [has] been authoritatively decided" and Herder "has not argued that the case law should be overturned, extended, modified, or reversed." Code § 17.1-403(ii)(a)-(b); Rule 5A:27(a)-(b).

BACKGROUND

We recite the facts in the light most favorable to the Commonwealth, the party that prevailed at trial. *Camann v. Commonwealth*, 79 Va. App. 427, 431 (2024) (en banc). "Doing so requires that we 'discard' the defendant's evidence when it conflicts with the Commonwealth's evidence, 'regard as true all the credible evidence favorable to the Commonwealth,' and read 'all fair inferences' in the Commonwealth's favor." *Id.* (quoting *Commonwealth v. Cady*, 300 Va. 325, 329 (2021)).

After Herder served a prison sentence for possession of child pornography, he moved in with his sister and her husband. The couple had packed the contents of Herder's home after his initial arrest and were storing his belongings in their house. Among the items they packed was a collection of Herder's discs, which they assumed contained music or movies. Herder, while unpacking his belongings, placed the discs on a desk in his room.

When Herder's probation officer visited the house, he noticed the discs and asked if they contained pornography. Herder admitted that the discs contained pornography, including child pornography. Herder claimed that the discs were among those "given back to him by the police" following his release, along with hundreds of other discs. Herder was indicted on 12 counts of possession of child pornography (subsequent offense).

After Herder pleaded no contest to two of the counts, the Commonwealth nolle prossed the rest. At the sentencing hearing, Herder requested a deferred disposition under Code § 19.2-303.6. Herder argued that, upon his finding the discs, his autism spectrum disorder ("ASD") caused him to freeze, so he just pretended that the discs did not exist.

To make that showing, Herder presented testimony from his sister and brother-in-law. Herder's sister described their growing up in a strict, religious family in which corporal punishment was common. She recounted that a family friend sexually assaulted Herder at age

10, a trauma that changed his personality. Herder's brother-in-law elaborated on the siblings' difficult childhoods.

Herder also offered the testimony of an expert who had diagnosed him with ASD. The expert analyzed Herder's childhood trauma, along with prior diagnoses of post-traumatic stress disorder ("PTSD"), anxiety, and depression. The expert concluded that Herder was socially childlike as a combined result of his trauma and ASD. He opined that it was "credible" that a traumatized person with ASD might "be paralyzed by a frightening stimulus" and, as a result, "just wholly deny it." The expert conceded that Herder's interactions with others were "[n]ot wholly dictated by his developmental disorder" but were also influenced "by his history of trauma." He added that Herder told another doctor that viewing child pornography "[gave] him a sense of control over his own exploitation."

The Commonwealth argued that Herder failed to show a sufficient relationship between his ASD and the crimes. It also posited that Herder's act of placing the discs on his desk (rather than leaving them in a box) undermined the expert's testimony on the possibility of Herder's freezing in response to discovering the discs.

The trial court credited the expert's diagnosis of ASD. But the court did not find "clear and convincing evidence that [Herder's] criminal conduct was caused by or had a direct and substantial relationship to [ASD]." Accordingly, the court refused to grant a deferred disposition. The court sentenced Herder to 10 years in prison, with 7 years and 11 months suspended. Herder noted a timely appeal.

## ANALYSIS

"In Virginia, the factfinding of a lower court receives 'the highest degree of appellate deference.'" *Suhay v. Commonwealth*, 75 Va. App. 143, 158 (2022) (quoting *Harper v. Commonwealth*, 49 Va. App. 517, 521 (2007)). "Presuming factual findings to be correct, we

- 3 -

reverse 'only if the trial court's decision is "plainly wrong or without evidence to support it."'"

*Id.* (quoting *Harper*, 49 Va. App. at 521).

Code § 19.2-303.6(A) lays out the requirements for a deferred disposition related to ASD. It provides, in relevant part, that:

> In [a] criminal case, . . . the court may, if the defendant has been diagnosed by a psychiatrist or clinical psychologist with . . . an autism spectrum disorder . . . and the court finds by clear and convincing evidence that the criminal conduct was caused by or had a direct and substantial relationship to the person's disorder or disability, without entering a judgment of guilt and with the consent of the accused, after giving due consideration to the position of the attorney for the Commonwealth and the views of the victim, defer further proceedings . . . .

We have interpreted this statute to give *discretion* to a trial court to defer further proceedings in a case. *Suhay*, 75 Va. App. at 156. That discretion applies only after a defendant has both established a diagnosis of ASD and shown "by clear and convincing evidence that the criminal conduct was caused by or had a direct and substantial relationship to the person's disorder." *Id.* Once a defendant establishes those two elements, the court may consider the position of the Commonwealth and the views of the victim in determining whether to grant a deferred disposition. *Id.* at 156-57. If a defendant fails to establish either element, however, "the trial court *must* deny a defendant's request for a deferred disposition and has no discretion to do otherwise." *Id.* at 157.

Herder challenges the trial court's finding that he failed to prove by clear and convincing evidence that his ASD had "a direct and substantial relationship to the offenses of conviction." "Clear and convincing evidence is that degree of proof [that] produces in the mind of the trier of facts a firm belief or conviction upon the allegations sought to be established. It is intermediate proof, more than a mere preponderance but less than proof beyond a reasonable doubt." *Suhay*, 75 Va. App. at 158 (quoting *Oberbroeckling v. Lyle*, 234 Va. 373, 379 (1987)). "The clear and

- 4 -

convincing evidence standard 'cannot be met with evidence that leaves "competing inferences 'equally probable.""" *Id.* (quoting *In re Brown*, 295 Va. 202, 227 (2018)). Instead, "the persuasive quality of [that] evidence must establish that 'the thing to be proved is highly probable or reasonably certain.'" *Id.* (quoting *In re Brown*, 295 Va. at 227).

The trial court's factual finding here was not plainly wrong. Although Herder's ASD could have played a role in his retention of the discs, there are equally probable competing inferences. Herder may have kept the discs simply because he enjoyed the content; he admitted that viewing child pornography gave him a sense of control. And Herder's other diagnoses, including PTSD, may have played an equal or greater role than ASD in contributing to the criminal acts. Even Herder's expert agreed with that, explaining that Herder's life was "[n]ot wholly dictated by his developmental disorder," but also influenced by his other disorders and experiences. In sum, although Herder's expert felt that ASD was a "credible" explanation for his retention of the discs, the court found other reasonable explanations for his actions. Given those equally probable explanations, the court did not err in finding that Herder failed to show "clear and convincing evidence" of the required causal connection.[2]

CONCLUSION

The trial court did not err in finding that Herder failed to prove by clear and convincing evidence that his possession of child pornography was causally related to his ASD. Accordingly, we find no abuse of discretion in the court's decision to deny a deferred disposition.

*Affirmed.*

---

[2] Of course, even if the trial court had found such a causal connection, the court still had the discretion to deny a deferred disposition. *See Suhay*, 75 Va. App. at 156-57.