Present:  Hassell, C.J, Lacy, Keenan, Koontz, Lemons, and
Agee, JJ., and Carrico, S.J.

ALLSTATE INSURANCE COMPANY

v.  Record No. 060951     OPINION BY JUSTICE DONALD W. LEMONS
                                      March 2, 2007
ELSIE BRADSHAW GAUTHIER, ET AL.

        FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                    William R. O'Brien, Judge

    In this appeal, we consider whether an exclusion from

coverage in an insurance policy properly applies to a claim

for loss as a result of the sinking of a boat.

                I.   Facts and Proceedings Below

    Elsie Gauthier owned a power boat covered under an all

risk insurance policy (the "policy") issued by Allstate

Insurance Company ("Allstate").  Under the terms of the

policy, Albert Gauthier, Mrs. Gauthier's husband, was an

insured as well.  Mr. Gauthier disconnected a water pump from

the boat in order to take "the water pump to someone else to

repair."  It is stipulated that:

> In the process of replacing the water pump, Mr.
> Gauthier disconnected the hose that ran from the
> thru hull fitting to the pump's suction.  Instead
> of closing off the seacock [valve], Mr. Gauthier
> put a plug made from a handle of a rake in the
> hose and secured the loose end in a position
> above the water line to prevent water from
> flowing through the tube and secured it by
> pushing it behind a bar on the engine.

    That same day, Mr. Gauthier checked the boat before going

to sleep, and "everything was fine."  It was a windy night,

and when Mr. Gauthier awoke the next morning, the boat had sunk. Mr. Gauthier believed the motion of the boat caused the hose to fall and the make-shift plug to fall out. Water then "came into the boat through the hose connected to the Thru Hull Fitting" causing the boat to sink.

The Gauthiers notified Allstate of the loss. The boat was considered a total loss, but after an investigation, the Gauthiers received a letter from Allstate denying coverage for the loss. Allstate contended in the letter that the language in the policy "excluded the incident from coverage." Specifically, Allstate relied on Coverage TT exclusion number 5 in denying coverage. Exclusion number 5 provides:

> We do not cover loss to the property described in Coverage TT resulting in any manner from . . . repairing, renovating, servicing, or maintenance. Fire or explosion resulting from any of these is covered, but only for loss caused by fire or explosion.

The Gauthiers filed an action for breach of contract against Allstate seeking payment under the policy for the loss of the boat. The parties agree that if the loss were covered, Allstate must pay the Gauthiers $40,766. The trial court found the sinking of the boat was a result of Mr. Gauthier's negligence. The trial court also found that because "negligence was not excluded by the policy," it was a "covered loss," and "Allstate would owe coverage" to the Gauthiers.

2

Allstate now appeals to this Court upon one assignment of error:  "The trial Court erred in ruling that the plaintiffs' were entitled to coverage under the Boat Owners Policy issued by the Allstate Insurance Company to Elsie Bradshaw Gauthier."*

## II.  Analysis

Allstate concedes that the negligence of Mr. Gauthier resulted in the sinking of the boat and that negligence is a covered loss under the policy, unless specifically excluded within the policy.  Therefore, the question on appeal is limited to whether an exclusion under the policy applies thereby relieving Allstate from the duty to pay for the loss.

Allstate asserts that "the loss was the result of repair and/or maintenance, etc. being performed on the water pump, that said loss clearly is excluded from coverage under the policy and that Allstate rightfully denied said loss."  The

---

* This assignment of error is taken from Allstate's petition for appeal.  Allstate restated the assignment of error in its brief to read:

> The Trial Court erred in failing to apply the contracted policy exclusion "Exclusion 5, Coverage TT, Losses We Do Not Cover," to the Gauthiers' loss and concluding there was coverage for their loss under the insurance contract.

It is improper for an appellant to change the wording of an assignment of error from that which was presented to the Court at the petition stage.  White v. Commonwealth, 267 Va. 96, 102-03, 591 S.E.2d 662, 665-66 (2004).  Here the change, while improper, does not change the substance of the error alleged.

Gauthiers maintain that the "predominant efficient cause of the sinking and loss was the flooding of the vessel caused by the failure of the insured to close the seacock valve. If the valve had been closed[,] the water could not have entered the boat and the boat would not have sunk."

Both parties spend much time arguing about how to interpret the policy when there are concurrent causes for the loss. As a result, the parties discuss in some detail our opinion concerning the specific policy language at issue in Lower Chesapeake Assocs. v. Valley Forge Ins. Co., 260 Va. 77, 532 S.E.2d 325 (2000), and whether the language of this policy is similar.

However, Lower Chesapeake is inapposite to this case because the trial court found that there was only one cause of the loss:

> The Court is going to find based on the stipulations and arguments of counsel that there's no question that this loss was as a result of the insured's improperly or negligently inserting that device [(make-shift plug)] to - in lieu of the [seacock], so that's how the water got in and caused the boat to sink.
>
> I'm also going to find that [such] negligence was not excluded by the policy, so that the policy does apply and the insureds are entitled to their loss here.

Consequently, the issue in this case is not how to handle concurrent causal events. Rather, the issue in this case is

4

whether the one causal event found by the trial court may be characterized as a "loss to the property . . . resulting in any manner from: . . . repairing, renovating, servicing or maintenance."  If so, then the loss is excluded under the policy.

In the case at bar, the trial court's determination that the negligence of the insured did not constitute "repairing, renovating, servicing or maintenance," was a finding of fact.  Accordingly, we must approve the finding of the trial court unless it is "plainly wrong or without evidence to support it."  Code § 8.01-680; see Wilson v. Commonwealth, 272 Va. 19, 27, 630 S.E.2d 326, 330 (2006).

Mr. Gauthier's negligence was not in repairing the boat, but in failing to close the seacock after disconnecting the hose.  It was the disconnecting of the boat's closed system and the failure to close the seacock that allowed water to come into the boat, causing the boat to sink.  As the parties stipulate, Mr. Gauthier was taking "the water pump to someone else to repair."

Exclusions in insurance policies must be read narrowly in favor of coverage.  Transcontinental Ins. Co. v. RBMW, Inc., 262 Va. 502, 512, 551 S.E.2d 313, 318 (2001) ("Exclusionary language in an insurance policy will be construed most strongly against the insurer and the burden is upon the

5

insurer to prove that an exclusion applies."). If Allstate intended for negligent acts that occurred while in preparation for repairs to be excluded, it needed to use language clearly accomplishing that result.

In this case, the trial court found that the cause of the loss was Mr. Gauthier's negligence in failing to close the seacock. The trial court further held that such actions and omissions on the part of Mr. Gauthier did not fall within the exclusions to the policy. These findings are neither plainly wrong, nor without evidence to support them. Thus, pursuant to Code § 8.01-680, the judgment will not be disturbed.

### III. Conclusion

For the reasons stated herein, we will affirm the judgment of the trial court.

<u>Affirmed</u>.