PRESENT:  All the Justices

FELIPE MELENDEZ ESCAMILLA

v.  Record No. 141121                                    OPINION BY
                                            JUSTICE S. BERNARD GOODWYN
SUPERINTENDENT, RAPPAHANNOCK                        October 29, 2015
REGIONAL JAIL


FROM THE CIRCUIT COURT OF STAFFORD COUNTY
Sarah L. Deneke, Judge

In this appeal, we consider whether a Virginia circuit court has jurisdiction to provide habeas corpus relief to a petitioner being detained by federal authorities because of immigration issues arising as a consequence of a state conviction after the sentence for the state conviction has expired.

Factual and Procedural Background

Felipe Melendez Escamilla was admitted to the United States as a lawful permanent resident in 1999.  He was arrested in 2003, after being caught removing radios from automobiles, and charged with one count of grand larceny and three counts of tampering with a vehicle. Escamilla pled guilty in the General District Court of Stafford County to petit larceny and to the three misdemeanor tampering charges.  Before pleading guilty, Escamilla asked his attorney if his guilty plea would have adverse consequences on his immigration status as a lawful permanent resident.  His attorney erroneously advised him that there would be no negative consequences because he would serve less than one year's imprisonment.  The general district court sentenced him to twelve months' incarceration with all but one month suspended for the petit larceny charge, and 180 days' incarceration, all of which was suspended, for each of the tampering charges.  All of the suspended sentences were suspended for three years, and all of Escamilla's sentences expired in 2006.

On November 18, 2013, Escamilla was detained by U.S. Immigration and Customs Enforcement (ICE) authorities and taken to Rappahannock Regional Jail in preparation for removal proceedings. In a document styled "Notice to Appear" (designated ICE Form I-862), ICE charged that Escamilla was subject to removal because his 2003 petit larceny conviction triggered the applicability of 8 U.S.C. § 1227(a)(2)(A)(iii), which provides that "[a]ny alien who is convicted of an aggravated felony at any time after admission is deportable."[1] The Notice to Appear further charged that Escamilla was subject to removal pursuant to 8 U.S.C. § 1227(a)(2)(A)(ii), because he had been convicted of two crimes of moral turpitude that did not arise from a single scheme of criminal conduct.[2]

On April 7, 2014, while in federal custody, Escamilla filed a petition for a writ of habeas corpus in the Circuit Court of Stafford County alleging he was denied effective assistance of counsel because the attorney representing him in the 2003 Stafford County petit larceny case incorrectly informed him that his guilty plea would not have any negative immigration consequences. Escamilla alleged that had he known pleading guilty to the petit larceny charge could have resulted in his removal, he would have asked counsel to secure a sentence that would not qualify as a predicate under 8 U.S.C. § 1227(a)(2)(A) or otherwise gone to trial on the grand larceny charge.

The Superintendent of the Rappahannock Regional Jail moved to dismiss the petition on the grounds that the circuit court lacked jurisdiction to consider Escamilla's petition because he was not in custody pursuant to the challenged conviction and because his petition was time-

---

[1] "Aggravated felony" is defined in 8 U.S.C. § 1101(a)(43)(G) to include any "theft offense" for which the term of imprisonment is at least one year.

[2] The multiple schemes of criminal conduct refer to the Stafford County incident and a 2007 Fairfax County conviction for petit larceny for which Escamilla received a sentence of 180 days' incarceration. Escamilla does not challenge the Fairfax conviction.

barred.  The Superintendent also argued that he had failed to establish prejudice as required under Strickland v. Washington, 466 U.S. 668 (1984), because he had not proven it would have been reasonable to proceed to trial instead of pleading guilty.

The circuit court issued a letter opinion, granting the motion to dismiss.  It held that it did not have jurisdiction to hear the petition because Escamilla was not in custody for the purposes of Code § 8.01-654 at the time he filed the petition.  The circuit court further found that the petition was untimely, having been brought more than ten years after the challenged conviction became final.  Escamilla objected to the court's ruling, arguing that immigration detention was sufficient to satisfy the custody requirement and that the petition was timely because it was brought within one year of Escamilla's discovery of the alleged ineffective assistance.

The circuit court entered an order dismissing the petition on June 23, 2014.  Escamilla appeals.[3]

Escamilla assigns error as follows:

> 1. The Circuit Court erred when it ruled that Escamilla was not detained without lawful authority so the court did not have jurisdiction to consider Mr. Escamilla's petition.

> 2. The Circuit Court erred when it ruled Escamilla's petition was not timely and granted the Superintendent's motion to dismiss for lack of jurisdiction.[4]

---

[3] Escamilla was deported some time during the habeas proceedings, but the parties agree that his deportation does not render this appeal moot.

[4] We note that, in his petition for appeal, Escamilla stated the second assignment of error as follows:  "The Circuit Court erred when it granted the Superintendent's motion to dismiss for lack of jurisdiction and ruled Escamilla's petition was not timely."  (PFA 2; see also J.A. preliminary (PDF) pg. 3).  In his opening brief, however, the second assignment of error is stated in a different sequence:  "The Circuit Court erred when it ruled Escamilla's petition was not timely and granted the Superintendent's motion to dismiss for lack of jurisdiction." (Opening Br. 2).  "We do not recognize any unauthorized substantive alteration to the assignment of error in the petition for appeal which was the basis of this Court's order granting the appeal." Commonwealth v. Herring, 288 Va. 59, 72, 758 S.E.2d 225, 232 (2014) (emphasis added).  Even

3

3.  The Circuit Court erred when it granted the Superintendent's motion to dismiss on procedural grounds and thus denied Escamilla's meritorious ineffective assistance of counsel claim.

Analysis

Escamilla asserts that the circuit court erred in ruling that he was not detained without lawful authority and that it did not have jurisdiction to consider his habeas corpus petition. "Because entitlement to habeas relief is a mixed question of law and fact, the habeas court's findings and conclusions are not binding upon this Court, but are subject to review to determine whether the court correctly applied the law to the facts." Zemene v. Clarke, 289 Va. 303, 306-07, 768 S.E.2d 684, 686 (2015). When a habeas court dismisses the petition based only upon a review of the pleadings, we review the decision to dismiss the petition de novo. Id.

"Habeas corpus is a writ of inquiry granted to determine whether a person is illegally detained." Smyth v. Midgett, 199 Va. 727, 730, 101 S.E.2d 575, 578 (1958). Code § 8.01-654(A)(1) provides that "[t]he writ of habeas corpus ad subjiciendum shall be granted forthwith by the Supreme Court or any circuit court, to any person who shall apply for the same by petition, showing by affidavits or other evidence probable cause to believe that he is detained without lawful authority." The statutory phrase "detained without lawful authority" allows a petitioner to challenge the lawfulness of the entire duration of his or her detention so long as an order entered in the petitioner's favor will result in a court order that, on its face and standing

---

so, we have previously held that "while it is improper for an appellant to alter the wording of a granted assignment of error, non-substantive changes to an assignment of error do not default the issue raised." Id. at 72 n.2, 758 S.E.2d at 232 n.2 (emphasis added) (quoting Northam v. Virginia State Bar, 285 Va. 429, 434 n.*, 737 S.E.2d 905, 907 n.* (2013)). This is because non-substantive alterations "do not permit the appellant to argue a different issue on appeal," and thus "we may properly consider [such] modified assignments of error." Id.; see also, e.g., Hudson v. Pillow, 261 Va. 296, 301-02, 541 S.E.2d 556, 560 (2001). Because the re-sequencing of the language appearing in Escamilla's second assignment of error is non-substantive, in that it does not permit him to argue different issues in this appeal, it is not defaulted and we may properly consider it.

alone, will directly impact the duration of the petitioner's confinement.  Carroll v. Johnson, 278 Va. 683, 693, 685 S.E.2d 647, 652 (2009).  Thus, for a Virginia court to exercise jurisdiction over a habeas corpus petition, the Commonwealth must be the source of both the challenged conviction and detention.

Detention is jurisdictional in habeas corpus, and therefore a prerequisite to any consideration of a habeas petition.  See Blair v. Peyton, 210 Va. 416, 417, 171 S.E.2d 690, 691 (1970).  The detention requirement was historically interpreted strictly to mean actual physical detention, but in modern times, this reading has been rejected.  See Carroll, 278 Va. at 691-92, 685 S.E.2d at 651.  Today we recognize that a petitioner is "detained" within the meaning of Code § 8.01-654 so long as the sentence under attack has not been "fully served."  See Midgett, 199 Va. at 730, 101 S.E.2d at 578.  A petitioner who enjoys physical freedom but remains subject to a sentence not yet fully served, such as a suspended sentence, supervised parole, or probation, is under detention.  See, e.g. Code § 8.01-654(B)(3) (permitting habeas attacks to suspended sentences).  An individual is detained so long as he was sentenced to a term of incarceration and the Commonwealth retains active power over him that could result in immediate physical detention.  E.C. v. Virginia Dep't of Juvenile Justice, 283 Va. 522, 529, 722 S.E.2d 827, 830 (2012) (holding a petitioner was detained when he was on parole release from juvenile detention); Zemene, 289 Va. at 309 n.4, 768 S.E.2d at 687 n.4 (holding a petitioner was detained while serving a suspended sentence of twelve-months' incarceration); see also Jones v. Cunningham, 371 U.S. 236, 242 (1963) (explaining that constructive custody includes the potential to be "rearrested at any time the [custodial authority] believes [the petitioner] has violated a term or condition" of his suspended sentence and "be thrown back in jail to finish

serving the allegedly invalid sentence with few, if any, of the procedural safeguards that normally must be and are provided to those charged with crime").

Jurisdiction for habeas proceedings must exist at the time the petition is filed. E.C., 283 Va. at 527-28, 722 S.E.2d at 829-30. The "scope of the inquiry is limited to the propriety of the prisoner's present detention." Smyth v. Holland, 199 Va. 92, 97, 97 S.E.2d 745, 748 (1957) (collecting authorities). Generally, this means that courts do not have jurisdiction to determine the validity of a sentence under which the petitioner is not detained at the time he files the petition.[5] Midgett, 199 Va. at 730, 101 S.E.2d at 578; see also Maleng v. Cook, 490 U.S. 488, 491 (1989) (holding that custody does not attach if the petition is brought when the sentence is fully expired).

Here, Escamilla was not subject to actual or constructive detention for the conviction he seeks to challenge through his habeas petition. Escamilla seeks to attack his 2003 petit larceny conviction, but he completed his sentence for that crime in 2006, eight years prior to seeking habeas relief in 2014. Although he was physically detained at the time he filed the habeas petition, he was not detained by the Commonwealth for a violation of Virginia law. Rather, he was detained by the federal government based upon federal law.

---

[5] We have recognized a limited exception to this requirement. A petitioner currently detained under a repeat offender statute may collaterally attack the validity of a fully served sentence that is a basis for the current detention. See Wesley v. Commonwealth, 190 Va. 268, 56 S.E.2d. 362 (1949). This exception applies only to scenarios in which the Commonwealth imposes enhanced punishment as a result of prior crimes.

Escamilla is not subject to such enhanced punishment because his challenged detention is not additional punishment by the Commonwealth, but rather independent detention by the federal government. As discussed below, ICE's use of Escamilla's prior conviction does not come within the harm Wesley was intended to prevent – unjust confinement by the Commonwealth as the direct result of an improper sentence enhancement by the Commonwealth.

Escamilla argues that his federal immigration detention was sufficient to satisfy the detention required for a Virginia court to exercise jurisdiction under the Virginia habeas corpus statute. However, detention imposed by any other jurisdiction as a result of a Virginia conviction is a collateral consequence of that Virginia conviction. See Black's Law Dictionary 369 (10th ed. 2014) (A collateral consequence is "the indirect implication of a criminal conviction, esp. as it may affect the defendant's immigration status, property forfeitures, civil litigation posture, etc."). We agree with the Court of Appeals of Virginia that "[d]eportation is a collateral consequence of [a] criminal conviction because it arises through the efforts of an arm of government over which the trial court has no control and which is not part of the underlying criminal proceeding." Zigta v. Commonwealth, 38 Va. App. 149, 155, 562 S.E.2d 347, 350 (2002). Indeed, "[i]f a person is in the actual custody of the United States for a violation of its laws, no State can by habeas corpus, or any other process, take such person from the custody of the federal tribunal or officer." Bowling v. Commonwealth, 123 Va. 340, 343, 96 S.E. 739, 740 (1918); see also People v. Villa, 202 P.3d 427, 434 (Cal. 2009) (holding that unlike a suspended sentence or parole, immigration detention "is directly traceable to applicable federal laws governing immigration and to the discretion of federal immigration officials" and therefore does not satisfy the state habeas custody requirement); People v. Carrera, 940 N.E.2d 1111, 1120 (Ill. 2010) (holding that "[b]ecause the state has nothing to do with defendant's deportation, and has no control over the actions of the INS, we cannot say that defendant's possible deportation" satisfies the custody requirement of the Illinois habeas statute); State v. Hernandez-Galarza, 864 N.W.2d 122, 135 (Iowa 2015) (holding that even if immigration detention "may be factually traceable to . . . state criminal proceedings [the] restraint is entirely the product of federal

immigration policy" and therefore cannot satisfy the custody requirement of Iowa's habeas statute).

"When a petitioner challenging the legality of his conviction continues to suffer a concrete and continuing injury, which is a collateral consequence of the conviction, a case or controversy remains and release from the sentence imposed does not render the case moot." E.C., 283 Va. at 531, 722 S.E.2d at 831. However, this holding did not alter the requirement that the petitioner must have been detained as a result of the conviction he is challenging at the time the petition is filed. Id. at 536, 722 S.E.2d at 834. In other words, although collateral consequences can prevent a validly filed petition from becoming moot, they are not sufficient to establish jurisdiction at the outset. Id.; see also Resendiz v. Kovensky, 416 F.3d 952, 956 (9th Cir. 2005) (concluding that while collateral consequences could prevent a timely petition from becoming moot after a petitioner is released from custody, "collateral consequences [do not] satisfy the in custody requirement for a petition filed after the expiration of the state sentence") (citing Maleng, 490 U.S. at 492 (holding that a habeas petitioner does not remain "'in custody' under a conviction after the sentence imposed for it has fully expired, merely because of the possibility that the prior conviction will be used to enhance the sentences imposed for any subsequent crimes of which he is convicted")).

## Conclusion

Habeas corpus relief under Code § 8.01-654 is available only to those subject to the actual or constructive detention of the Commonwealth as a result of the conviction they seek to challenge. Federal immigration detention does not satisfy the detention requirement of Code § 8.01-654 because such detention is pursuant to the laws and authority of another sovereign. Escamilla seeks habeas corpus relief concerning a 2003 conviction for petit larceny. Escamilla's

8

sentence for that conviction expired in 2006, and his detention on that conviction ended with the expiration of his sentence. Therefore, Escamilla was not unlawfully detained because of his 2003 Virginia conviction for petit larceny at the time he filed his habeas petition challenging that conviction, and the judgment of the circuit court dismissing Escamilla's petition for want of jurisdiction must be affirmed.[6]

Affirmed.

---

[6] Given our ruling that the circuit court lacked jurisdiction to hear Escamilla's habeas petition, this Court need not address Escamilla's remaining assignments of error.