COURT OF APPEALS OF VIRGINIA

Present: Judges Chafin, O'Brien and Russell
Argued at Salem, Virginia


FRANKLIN WHITFIELD JACKSON

MEMORANDUM OPINION[*] BY
v.      Record No. 0766-15-3              JUDGE TERESA M. CHAFIN
MARCH 1, 2016

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF PATRICK COUNTY
Martin F. Clark, Jr., Judge

Vikram Kapil, Deputy Public Defender, for appellant.

Victoria Johnson, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.


At the conclusion of a bench trial, the Circuit Court of Patrick County convicted Franklin

Whitfield Jackson of taking indecent liberties with a child in violation of Code § 18.2-370.  On

appeal, he challenges the sufficiency of the evidence supporting his conviction.  Specifically,

Jackson contends that the evidence presented by the Commonwealth failed to prove that he

directed a statement proposing a sexual act toward the victim.[1]  For the reasons that follow, we

disagree and affirm Jackson's conviction.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] We note that the assignments of error presented in Jackson's petition for appeal and his
appellate brief slightly differ.  The assignment of error in his petition for appeal states:  "The
Court abused its discretion when it found Petitioner guilty of Va. Code [§] 18.2-370(A) contrary
to the statute *when the petitioner did not speak to the victim when he said the offending
statement, but was speaking to someone else.*"  (Emphasis added).  The assignment of error in his
opening brief states:  "The Court erred when it found Appellant guilty [of] taking indecent
liberties with a child in violation of Va. Code [§] 18.2-370(A) contrary to the statute *because the
statement was not made to the victim but to another.*"  (Emphasis added).
      "[A] litigant may reword an assignment of error so long as the change to the assignment
of error 'does not change the substance of the error alleged.'"  Whitt v. Commonwealth, 61

I.  BACKGROUND

"On appeal, 'we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom.'"  Archer v. Commonwealth, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (quoting Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987)).  So viewed, the evidence is as follows.

On August 7, 2014, twelve-year-old B.J.S. was at home with her two older brothers when Jackson knocked on the side door of her house.  Jackson, a family friend, was forty-four years old at the time.  When B.J.S. answered the door, she noticed that Jackson appeared intoxicated and that he was leaning against something.  Jackson asked B.J.S. if her parents were home, and B.J.S. told him that they were not present.  Jackson then told B.J.S. that she was a beautiful girl and asked her to come to his car.  B.J.S. was frightened by Jackson's comments and demeanor.  She told Jackson that she would not leave the house with him, and she started to back away from the door to get one of her brothers to help her.

B.J.S.'s eighteen-year-old brother, Brandon, had overheard the conversation from an adjoining room in the house and was already approaching the door when B.J.S. began her retreat.  When Brandon asked Jackson why he came to their house that day, Jackson told him that he wanted his sister to "sit on his face."[2]  Although B.J.S. was approximately ten feet away from the door and she was not facing Jackson when he made this statement, she clearly heard the

_____

Va. App. 637, 656, 739 S.E.2d 254, 263 (2013) (quoting Allstate Ins. Co. v. Gauthier, 273 Va. 416, 418 n.*, 641 S.E.2d 101, 103 n.* (2007)).  As the minor alteration of the assignment of error in Jackson's opening brief did not change the substance of the assignment of error presented in his petition for appeal and granted for review by this Court, we find the change insignificant and irrelevant to our appellate review of the issue before us.

[2] Jackson did not argue at trial nor does he contend on appeal that this comment did not refer to a sexual act encompassed by Code § 18.2-370.  Therefore, we decline to express an opinion regarding that issue.

- 2 -

statement and understood that he was referring to her. Brandon threatened Jackson and told him to leave, and Jackson quickly left the house.

The following day, B.J.S. told her parents about Jackson's visit and they contacted the police. Jackson was charged with taking indecent liberties with a child. At his trial, B.J.S. testified about the events that took place on the day in question. While she testified that Jackson had directly asked her to come to his car, B.J.S. testified that she only overheard him tell her brother that he wanted her "to sit on his face" as she was walking away from the door. Brandon, however, testified that he heard Jackson ask B.J.S. to come to his car and "sit on his face . . . for a while." Brandon explained that this statement caused him to "come unglued" and approach the door to help his sister.

At the conclusion of the Commonwealth's case-in-chief, Jackson moved to strike the evidence against him. Jackson argued that the Commonwealth had failed to establish that he proposed a sexual act to a child because he made the offending statement to Brandon rather than B.J.S. The circuit court disagreed and articulated three alternative bases for denying Jackson's motion. First, the circuit court noted that Brandon testified that Jackson made the offending statement directly to B.J.S. Second, the circuit court explained that Jackson could have intended B.J.S. to hear the offending statement even if he directed it at her brother. Third, the circuit court concluded that the evidence satisfied the elements of the charged offense under a different theory even if B.J.S. had not heard the offending statement because Jackson directly invited her to his car for the purpose of engaging in sexual activity.

After hearing argument, the circuit court concluded that the evidence established that Jackson had proposed a sexual act directly to B.J.S. in violation of Code § 18.2-370(A)(4), and emphasized that a comment may be directed to a third party even when it is directly spoken to someone else. Alternatively, the circuit court held that the evidence established that Jackson had

- 3 -

violated Code § 18.2-370(A)(5) by inviting B.J.S. to come to his car for the purpose of engaging in sexual activity. The circuit court convicted Jackson of one count of taking indecent liberties with a child in violation of Code § 18.2-370, and Jackson appealed his conviction to this Court.

II. ANALYSIS

When considering the sufficiency of the evidence on appeal, we "presume the judgment of the trial court to be correct" and reverse only if the trial court's decision is "plainly wrong or without evidence to support it." Davis v. Commonwealth, 39 Va. App. 96, 99, 570 S.E.2d 875, 876-77 (2002); see also McGee v. Commonwealth, 25 Va. App. 193, 197-98, 487 S.E.2d 259, 261 (1997) (*en banc*). Under this standard, "a reviewing court does not 'ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" Crowder v. Commonwealth, 41 Va. App. 658, 662, 588 S.E.2d 384, 387 (2003) (quoting Jackson v. Virginia, 443 U.S. 307, 318-19 (1979)). It asks instead whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Kelly v. Commonwealth, 41 Va. App. 250, 257, 584 S.E.2d 444, 447 (2003) (*en banc*) (quoting Jackson, 443 U.S. at 319). We do not "substitute our judgment for that of the trier of fact" even if our opinion were to differ. Wactor v. Commonwealth, 38 Va. App. 375, 380, 564 S.E.2d 160, 162 (2002). "This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." Jackson, 443 U.S. at 319.

Code § 18.2-370(A) states, in pertinent part, that:

> Any person 18 years of age or over, who, with lascivious intent, knowingly and intentionally commits any of the following acts with any child under the age of 15 years is guilty of a Class 5 felony:
>
> . . . .

- 4 -

(4) Propose to such child the performance of an act of sexual intercourse, anal intercourse, cunnilingus, fellatio, or anilingus or any act constituting an offense under [Code] § 18.2-361; or

(5) Entice, allure, persuade, or invite any such child to enter any vehicle, room, house, or other place, for any of the purposes set forth in the preceding subdivisions of this subsection.

In this case, the evidence presented by the Commonwealth supported the circuit court's conclusion that Jackson directly proposed a sexual act listed in Code § 18.2-370(A)(4) to B.J.S. The evidence also supported the circuit court's alternative holding that Jackson invited B.J.S. to enter his vehicle for the purpose of engaging in sexual activity.

"[T]he testimony of a single witness, if found credible by the trial court and not found inherently incredible by this Court, is sufficient to support a conviction." McCary v. Commonwealth, 36 Va. App. 27, 41, 548 S.E.2d 239, 246 (2001). Here, B.J.S.'s brother, Brandon, testified that he heard Jackson tell B.J.S. that he wanted her to "sit on his face." Brandon explained that this statement prompted him to come to the door to confront Jackson and help his sister. In corroboration of Brandon's testimony, B.J.S. testified that Brandon was already on his way to the door as she began to retreat into the house following her initial interaction with Jackson. Brandon's testimony was not inherently incredible, and it established that Jackson directly proposed a sexual act to B.J.S.[3]

Although B.J.S. testified that she heard Jackson make the offending statement to Brandon as she was walking away from the door, the circuit court could have believed Brandon's

---

[3] While the circuit court did not emphasize Brandon's testimony when it convicted Jackson of the charged offense, "an appellate court's 'examination is not limited to the evidence mentioned by a party in trial argument or by the trial court in its ruling.'" Perry v. Commonwealth, 280 Va. 572, 580, 701 S.E.2d 431, 436 (2010) (quoting Bolden v. Commonwealth, 275 Va. 144, 147, 654 S.E.2d 584, 586 (2008)). Instead, "an appellate court must consider all the evidence admitted at trial that is contained in the record." Id. Furthermore, we note that the circuit court expressly considered Brandon's testimony when it denied Jackson's motion to strike.

testimony rather than B.J.S.'s testimony regarding this subject. In this case, as in all others, the power to segregate evidence "into the believable, partly believable, or wholly unbelievable is an exercise of decisional discretion intrinsic to the factfinding task and essential to its proper performance." Harper v. Commonwealth, 49 Va. App. 517, 523, 642 S.E.2d 779, 782 (2007). The trier of fact is not required to accept a witness' testimony, but instead is free to "rely on it in whole, in part, or reject it completely." Rollston v. Commonwealth, 11 Va. App. 535, 547, 399 S.E.2d 823, 830 (1991); see also Pugliese v. Commonwealth, 16 Va. App. 82, 92, 428 S.E.2d 16, 24 (1993) (noting a "fact finder is not required to believe all aspects" of a witness' testimony; it "may reject that which it finds implausible, but accept other parts which it finds to be believable"). "Determining the credibility of witnesses who give conflicting accounts is within the exclusive province of the [factfinder], which has the unique opportunity to observe the demeanor of the witnesses as they testify." Lea v. Commonwealth, 16 Va. App. 300, 304, 429 S.E.2d 477, 479 (1993).

Nevertheless, even if we assume that Jackson made the offending statement as B.J.S. was walking away from the door, we still conclude that the evidence supported his conviction. The circuit court expressly held that Jackson directed his offending statement toward B.J.S. even if he said it to her brother as she was walking away from him. The circuit court explained that a statement can be directed toward a third party even when it is directly spoken to another individual, and gave an example in which it conveyed a statement to defense counsel while only speaking to the prosecuting attorney. The circuit court then analyzed the context of the statement and concluded that Jackson intended to direct the statement toward B.J.S.

The circuit court's inference was reasonable and supported by the evidence of this case. If Jackson made the offending statement to Brandon rather than directly to B.J.S., the context in which Jackson made the statement implied that he intended B.J.S. to hear it. While intoxicated,

Jackson arrived at B.J.S.'s house and asked her whether her parents were home. He then told her that she was beautiful and asked her to come to his car. Within seconds of making these statements, he told Brandon that he wanted B.J.S. to "sit on his face." B.J.S. was within earshot approximately ten feet away when Jackson made the offending statement, and the statement specifically referred to her. In light of these circumstances, the circuit court reasonably concluded that Jackson directed the statement toward B.J.S.

While we hold that the evidence was sufficient to support Jackson's conviction under Code § 18.2-370(A)(4), we conclude that the evidence also supported the circuit court's alternative holding that Jackson violated Code § 18.2-370(A)(5) by inviting B.J.S. to his car for the purpose of engaging in sexual activity. Both B.J.S. and Brandon testified that Jackson asked B.J.S. to come to his car, and their testimony concerning that statement was not contradicted by any other evidence. Although that statement alone did not establish that Jackson intended to engage in sexual activity with B.J.S. if she accompanied him to his car, he announced his intent to do so seconds later. Moreover, the circumstances in which Jackson asked B.J.S. to come to his car suggested that he intended to engage in sexual activity with her.

III. CONCLUSION

In summary, we hold that the evidence presented by the Commonwealth supported Jackson's conviction. The evidence established that Jackson made an offending statement to B.J.S., either directly or while speaking to her brother within her earshot. The evidence also proved that Jackson invited B.J.S. to enter his car for the purpose of engaging in sexual activity. For these reasons, we affirm Jackson's conviction.

<u>Affirmed.</u>