# COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Decker, Judges Beales and Athey
Argued by videoconference

**UNPUBLISHED**

KELVIN ANDRE RAWLINGS

                                         MEMORANDUM OPINION[*] BY

v.      Record No. 0881-20-1             JUDGE RANDOLPH A. BEALES
                                               JUNE 29, 2021

COMMONWEALTH OF VIRGINIA

### FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
Randall D. Smith, Judge

William Joshua Holder, Assistant Public Defender, for appellant.

Matthew P. Dullaghan, Senior Assistant Attorney General (Mark R. Herring, Attorney General, on brief), for appellee.

On November 9, 2020, this Court ruled that "[t]he record does not support appellant's contention that the trial court erred" when the Circuit Court of the City of Chesapeake sentenced appellant Kelvin Andre Rawlings to a term of incarceration within the statutory range for two offenses to which he pled guilty. This was the only issue Rawlings asked this Court to address, and his petition for appeal was denied. The next day, on November 10, 2020, Rawlings filed a second petition for appeal from the same criminal convictions. Counsel for Rawlings explained that he had filed motions to set aside the verdict and to withdraw his guilty plea in the trial court in June 2020 and that the trial court had ruled on July 6, 2020 that it could not consider those motions. In his second appeal, Rawlings argues that the trial court erred in so ruling and asks us to remand for the trial court to adjudicate his post-trial motions.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

## I. BACKGROUND

Rawlings pled guilty to one count of obtaining money by false pretense, in violation of Code § 18.2-178, and one count of construction fraud, in violation of Code § 18.2-200.1. Pursuant to the plea agreement, the trial court found Rawlings guilty of obtaining money by false pretense and deferred a finding of guilt on the construction fraud charge on several conditions, including that he pay restitution to the victims. On February 21, 2020, at Rawlings's sentencing hearing, the trial court found that the restitution had not been paid and, consequently, proceeded to find Rawlings guilty of construction fraud. On March 4, 2020, the trial court sentenced Rawlings to an active term of two years and six months of incarceration.

On April 28, 2020, counsel for Rawlings filed a notice of appeal "from the final judgment" of the trial court. In his petition for appeal, filed on June 30, 2020, he raised one assignment of error. His lone assignment of error was that "[t]he trial court erred and abused its discretion in sentencing the Appellant to a total of two years six months." Because we found that the trial court imposed a sentence within the statutory range prescribed by the legislature, this Court denied Rawlings's petition for appeal on November 9, 2020. Rawlings v. Commonwealth, No. 0618-20-1 (Va. Ct. App. Nov. 9, 2020). Rawlings did not further appeal that denial order.

On November 10, 2020, however, Rawlings filed a second petition for appeal in this matter. In that second petition for appeal, counsel for Rawlings explained that he had filed motions to set aside the verdict and to withdraw the guilty plea in the trial court in June 2020.[1] Although normally well outside the twenty-one-day limitation on such motions under Rule 1:1 and under Code § 19.2-296, Rawlings had argued to the trial court that the Supreme Court of Virginia's judicial emergency declarations in response to the COVID-19 pandemic tolled the deadline for him to file

---

[1] Counsel for Rawlings filed these motions in the trial court on June 26, 2020 – before he filed his first petition for appeal in this Court on June 30, 2020. However, he made no reference in his first petition for appeal to any pending post-trial motions or further trial court proceedings.

those motions. On July 6, 2020, the trial court ruled that it lacked jurisdiction to consider Rawlings's post-trial motions, writing the words "21 days past" in the margin of the order. Rawlings noted an appeal of that decision on July 30, 2020, but he filed nothing in connection with that appeal until November 10, 2020 – the day after this Court denied his first petition for appeal in this matter.

Rawlings now contends that "[t]he trial court erred when it refused to consider the merits of Appellant's Motion to Set Aside Verdict and Motion to Withdraw Guilty Plea, and held that the Court lacked jurisdiction to consider the motions." Consequently, he asks us to remand for the trial court to rule on those motions. We directed the parties to address whether our November 9, 2020 decision on Rawlings's first petition for appeal in this matter bars us from considering the arguments he raised to us for the first time in his November 10, 2020 second petition for appeal after his earlier appeal in this same matter had been denied.

## II. ANALYSIS

In response to the question we directed the parties to address, Rawlings contends on brief that this Court "did not, and properly could not, affirm Appellant's convictions in [his first appeal], because the issue of Appellant's conviction was never properly before this Court, and thus this Court lacked active jurisdiction to consider and rule upon the issues of Appellant's conviction." He argues that "[b]ecause the issue of sentencing was the only issue raised, the Court neither considered whether Appellant's conviction was in error, nor affirmed the conviction."

As noted *supra*, Rawlings filed his motions to set aside the verdict and to withdraw his guilty plea in the trial court prior to filing his first petition for appeal in this Court. Furthermore, Rawlings obtained a ruling regarding those motions from the trial court on July 6, 2020 – more than four months before this Court ruled on his petition for appeal on November 9, 2020. However, Rawlings did not actually assign error to that ruling by the trial court until he filed his second

petition for appeal in this matter on November 10, 2020. He did not file anything in connection with his first petition for appeal to apprise us of the trial court's July 6, 2020 decision and the alleged error therein – or make any motion, for example, to consolidate the two appeals from the trial court in this same matter. Instead, only after this Court ruled on his first petition for appeal – leaving in place his convictions and sentence – did Rawlings then file a second petition for appeal on the very next day assigning further error to the trial court.

Case law from this Court and the Supreme Court of Virginia makes clear that once an appellate court has acted on a petition for appeal, the appellant can neither change the wording of an assignment of error granted nor add an assignment of error that was not granted. The Supreme Court has "clearly stated on numerous occasions" that "'[i]t is improper for an appellant to change the wording of an assignment of error from that which was presented to the Court at the petition stage.'" Henderson v. Cook, 297 Va. 699, 705 (2019) (alteration in original) (quoting Allstate Ins. Co. v. Gauthier, 273 Va. 416, 418 n.* (2007), and citing Rule 5:17(c)); see also Rule 5A:12. Similarly, our jurisprudence conclusively establishes that "[a]n appellant may not unilaterally, without leave of the Court, add a new assignment of error that was not granted for consideration by this Court." Peters v. Commonwealth, 72 Va. App. 378, 392 (2020), petition for appeal refused, No. 201096 (Va. Dec. 29, 2020).

In a similar vein, Rawlings here waited until his first petition for appeal was ruled upon and denied by this Court before filing his second petition for appeal in the same matter – and *only then* articulating the present assignment of error that is now before us. By limiting his assignment of error in his first petition for appeal to the issue of sentencing, Rawlings narrowed the issue presented to this Court to whether the trial court abused its discretion in sentencing him to two years and six months of active time, and he also did not attempt to consolidate his two appeals before this Court ruled on his petition for appeal. See, e.g., Riddick v. Commonwealth, 72 Va. App. 132, 146

(2020) ("[W]e are 'limited to reviewing the assignments of error presented by the litigant[.]'" (quoting Banks v. Commonwealth, 67 Va. App. 273, 289 (2017))); see also Rule 5A:12. Instead, he raised a new argument to this Court *after* we had acted on a prior petition for appeal in the same matter between the same parties. His limitation of the issues that he put before us in that first petition for appeal did not then entitle him to reserve his other arguments for use in a subsequent petition for appeal from the same matter.

We conclude that Rawlings cannot raise the arguments he makes in this second petition for appeal because he could have raised them before this Court ruled on his first petition for appeal. While he filed a second notice of appeal on July 30, 2020, he filed no petition for appeal assigning error to the trial court's July 6, 2020 post-trial ruling until *after* his first petition for appeal in the same matter between the same parties had been denied by this Court on November 9, 2020. See generally, e.g., Forest Lakes Cmty. Ass'n, Inc. v. United Land Corp. of America, 293 Va. 113, 122-23 (2017) ("An assignment of error is not a mere procedural hurdle an appellant must clear in order to proceed with the merits of an appeal. Assignments of error are the *core* of the appeal. . . . [A]ssignments of error set analytical boundaries for the arguments on appeal, provide a contextual backdrop for our ultimate ruling, and demark the stare decisis border between holdings and dicta."). Consequently, we hold that Rawlings has waived appellate consideration of those arguments.[2]

### III. CONCLUSION

In short, Rawlings did not assign error to the trial court's July 6, 2020 ruling regarding his post-trial motions until after this Court denied his petition for appeal on November 9, 2020. He did not attempt to explain how the trial court erred in its post-trial ruling or raise any arguments on that

---

[2] We therefore do not reach Rawlings's assignment of error that he raised only in that second petition for appeal that "[t]he trial court erred when it refused to consider the merits of Appellant's Motion to Set Aside Verdict and Motion to Withdraw Guilty Plea, and held that the Court lacked jurisdiction to consider the motions."

ruling in the more than four months that passed before this Court acted on that first petition for appeal. Nor did Rawlings move to consolidate his two appeals in this Court between the time he filed his second notice of appeal on July 30, 2020 and the time this Court denied his first petition for appeal on November 9. Instead, only after this Court had denied his first petition for appeal did Rawlings then file a second petition for appeal – on the very next day – that assigned further error to the trial court. Therefore, we conclude that Rawlings has waived appellate consideration of the arguments he raised to us for the first time in his second petition for appeal because he could have tried to raise them – but did not – while his first petition for appeal in this same matter was pending before this Court. Consequently, for all of these reasons, we do not disturb the judgment of the Circuit Court of the City of Chesapeake.

Affirmed.